IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **FLAT ROCK RIDERS CHAPTER OF NOHVA,** | |
| Plaintiff, | **8:16CV286** |
| vs. | **FINDINGS AND RECOMMENDATION** |
| **THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY,** | |
| Defendant. | |

This matter is before the court on Flat Rock Riders Chapter of NOHVA's (Flat Rock) Motion for Remand to State District Court for Lack of Subject Matter Jurisdiction (Filing No. 12). Flat Rock denies the court has diversity jurisdiction over the claim because the damages fall below the statutory threshold amount. Flat Rock did not file a brief or index of evidence in support of the motion.[1] The Cincinnati Specialty Underwriters Insurance Company (Cincinnati) filed a brief (Filing No. 13) and an index of evidence (Filing No. 14) in opposition to the motion. Flat Rock did not file a reply. For the reasons set forth below, the undersigned magistrate judge recommends Flat Rock's motion to remand be denied.[2]

## BACKGROUND

Flat Rock contends Cincinnati, as Flat Rock's insurance carrier, has a duty to defend Flat Rock from a lawsuit filed on January 8, 2016, by Jeffrey Eastman (Eastman) in the District Court of Lincoln County, Nebraska, concerning a January 19, 2014, single

---

[1] Counsel is reminded the Civil Rules of the United States District Court for the District of Nebraska govern all motions and require a moving party to file a brief to accompany a motion, which raises substantial issues of law, and to file an evidence index to support recited facts. **See** NECivR 7.1(a)(1).

[2] The court is entering a Findings and Recommendation in light of decisions regarding whether a magistrate judge has authority to rule on a motion to remand. **Compare *Davidson v. Georgia-Pac., L.L.C.*,** 819 F.3d 758, 763 (5th Cir. 2016) (finding "motions to remand . . . should be treated as dispositive matters in which only the district court may enter an order"), ***Flam v. Flam***, 788 F.3d 1043, 1046-47 (9th Cir. 2015), ***Vogel v. U.S. Office Prods. Co.***, 258 F.3d 509, 517 (6th Cir. 2001), ***First Union Mortgage Corp. v. Smith***, 229 F.3d 992, 996 (10th Cir. 2000)**;** ***In re U.S. Healthcare***, 159 F.3d 142, 145 (3d Cir. 1998), ***Williams v. Beemiller, Inc.***, 527 F.3d 259, 266 (2d Cir. 2008), **with** ***White v. State Farm Mut. Auto. Ins. Co.***, 153 F.R.D. 639, 642 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). The undersigned magistrate judge concludes a recommendation is the most appropriate course of action in this matter.

vehicle accident (Eastman Lawsuit). **See** Filing No. 1 - Ex. A Complaint p. 2; Filing No. 14 - Ex. 1 Eastman Complaint p. 2. Flat Rock was a chapter of TBQ Sports Club, doing business as Nebraska Off Highway Vehicle Association. **See** Filing No. 1 - Ex. A Complaint p. 1. Eastman alleges Flat Rock is liable to him for damages he sustained when he became separated from his two-wheeled motor vehicle after riding over the edge of an embankment, went airborne, and landed violently on a piece of farm equipment. **See** Filing No. 14 - Ex. 1 Eastman Complaint p. 2-3. Eastman alleges Flat Rock leased the property, designed the track, and placed the farm equipment. *Id.* at 2-4. Based on these facts, Eastman claims Flat Rock engaged in gross negligence and willful or malicious conduct resulting in Eastman's injuries, which resulted in past medical expenses of $165,000, among other damages. *Id.* at 4-5. Generally, Flat Rock denies liability for Eastman's injuries. **See** Filing No. 14 - Ex. 4 Flat Rock's Eastman Lawsuit Answer ¶ 4. Likewise, Cincinnati denied Flat Rock's claim for insurance coverage and denies it owes a duty to defend Flat Rock in the Eastman Lawsuit because, among other reasons, an exclusion from insurance coverage exists under the plain language of the insurance policy. **See** Filing No. 1 - Ex. A Complaint p. 2; Filing No. 1 - Ex. C Answer p. 3.

Flat Rock originally filed this lawsuit against Cincinnati on May 19, 2016, also in the District Court of Lincoln County, Nebraska. **See** Filing No. 1 - Ex. A Complaint p. 1. Flat Rock seeks declaratory judgment determining whether Cincinnati's denial to defend Flat Rock is fair and reasonable. *Id.* at 2. On June 21, 2016, Cincinnati removed the case asserting this court has original jurisdiction over the issues because the parties are citizens of different states and the amount in controversy exceeds $75,000. **See** Filing No. 1 - Notice of Removal p. 2. Cincinnati bases the amount in controversy on the allegations in the Eastman Lawsuit, which represents the amount of potential insurance coverage. *Id.* at 1-2.

On July 20, 2016, Flat Rock filed a motion for remand, claiming the amount in controversy falls below $75,000. **See** Filing No. 12 - Motion. Specifically, Flat Rock denies the allegations from the underlying case form the basis for jurisdiction. *Id.* at 2-3. Rather, Flat Rock relies solely on the declaratory judgment action and contends, since no other damages are sought, the amount in controversy at the time of removal was $3,354.42, the amount of attorney's fees and costs incurred by the time of filing.

2

*Id.* at 3. Flat Rock argues the declaration sought and potential attorney fee award insufficiently raise the damage amount enough to meet the $75,000 jurisdictional threshold. *Id.* at 3-4.

## ANALYSIS

The federal statute governing removal provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Cincinnati removed this action based on diversity jurisdiction. The United States District Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The parties do not dispute they are citizens of different states. Flat Rock is a Nebraska corporation, with its principal place of business in Lincoln, Nebraska, and Cincinnati is a Delaware corporation. **See** Filing No. 1 - Ex. A Complaint ¶¶ 2, 3; Filing No. 14 - Ex. 1 Eastman Complaint ¶ 4; Filing No. 14 - Ex. 4 Flat Rock's Eastman Lawsuit Answer ¶ 4. Accordingly, the court need only determine whether the amount in controversy requirement has been met.

"[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, [and] all doubts about federal jurisdiction must be resolved in favor of remand." **Baker v. Martin Marietta Materials, Inc.**, 745 F.3d 919, 923 (8th Cir. 2014) (alteration in original) (**quoting *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator*, Inc.**, 561 F.3d 904, 912 (8th Cir. 2009)). "The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Accordingly, when, as in the instant matter, damages are not fully specified in the state court complaint, the removing party "has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." **Bell v. Hershey Co.** 557 F.3d 953, 956 (8th Cir. 2009). The determination about whether a federal court has removal

3

jurisdiction is made on the basis of the record at the time of removal. ***Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach***, 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment[.]"); ***Keene Corp. v. United States***, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); ***Hargis v. Access Capital Funding, LLC***, 674 F.3d 783, 789 (8th Cir. 2012) ("It is axiomatic that the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal.") (internal citations omitted). "Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are[.]" ***Grawitch v. Charter Commc'ns, Inc.***, 750 F.3d 956, 959 (8th Cir. 2014) (internal citations omitted) (alterations in original). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." ***Hartis v. Chicago Title Ins.***, 694 F.3d 935, 946 (8th Cir. 2012) (**citing** Bell, 557 F.3d at 956).

Although Flat Rock's complaint does not identify any monetary damages aside from $3,354.42 in attorney's fees, the complaint provides a method for determining the amount in controversy. **See** Filing No. 1 - Ex. A Complaint p. 2. The complaint states Flat Rock has incurred, and will continue to incur, expenses related to defending the Eastman Lawsuit. ***Id.*** Some relevant Eastman Lawsuit documents are part of the record before this court.

The court evaluates the amount of the controversy based on the allegations in the complaint at the time of removal. By distinction, the amount of damages are calculated by determining whether a plaintiff's verdict might reasonably and legally exceed $75,000. ***Clark v. Matthews Int'l Corp.***, 639 F.3d 391, 396 (8th Cir. 2011) ("Generally, the 'relevant period' [for back-pay] runs from the date of termination until the date of reinstatement or judgment.").

Flat Rock contends the court should not consider the amount for future attorney's fees or the damages sought in the Eastman Lawsuit. **See** Filing No. 12 - Motion p. 2-3 (**citing** 28 U.S.C. § 2201(a) (1994)). The Declaratory Judgment Act, 28 U.S.C. § 2201, does not, of itself, provide federal court jurisdiction. ***Skelly Oil Co. v. Phillips***

4

*Petroleum Co.*, 339 U.S. 667, 671 (1950).  A lawsuit brought under the Act must rely upon some independent source of jurisdiction, such as the existence of diversity.  *Id.*; *Missouri ex rel. Missouri Highway & Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997).  Accordingly, the amount placed in controversy by a declaratory judgment complaint is "the value of the object of the litigation" from a plaintiff's viewpoint.  *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005).

In the Eighth Circuit, "[w]here the heart of a cause of action is a claim for future benefits, the amount in controversy is the present value of the claimed future benefit." *Burns v. Massachusetts Mut. Life Ins. Co.*, 820 F.2d 246, 249 (8th Cir. 1987) ("The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced.") (**quoted by** *Engle v. Life Ins. Co. of N. Am.*, No. 4:10CV963, 2010 WL 2720697, at *2 (E.D. Mo. July 8, 2010)).  Similarly, courts outside this circuit explicitly held, "[i]n an action for declaratory relief, where 'the applicability of . . . liability coverage to a particular occurrence is at issue, the amount in controversy is the value of the underlying potential tort action.'"  *Tomlinson ex rel. Young v. Geico Gen. Ins. Co.*, 433 F. App'x 499, 501 (9th Cir. 2011) (relying on liability cap of $100,000 to establish jurisdictional amount) (**quoting** *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997)); **see** *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002); *U.S. Fire Ins. Co. v. A-Port, LLC*, 2015 WL 1416490, at *3 & n.36 (E.D. La. 2015) ("When an insurer seeks a declaratory judgment on coverage issues, the amount in controversy is equal to the 'insurer's potential liability under the policy, plus potential attorneys' fees, penalties, statutory damages, and punitive damages.'").  Likewise, courts within this circuit have determined, for actions "involv[ing] the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim--not the face amount of the policy." *VAS Real Estate No. 1, LLC v. Century Sur. Co.*, No. 4:10CV136 JCH, 2010 WL 1728133, at *2 (E.D. Mo. Apr. 29, 2010) (internal quotations and citations omitted) (noting also "where a party seeks both insurance coverage and the cost of defense, the aggregate of these amounts represents the value of the object of the litigation"); **compare** *Home Ins. Co. of N.Y. v.*

*Trotter*, 130 F.2d 800, 803 (8th Cir. 1942) (finding the value of the policy is the amount in controversy where the issue is the validity or invalidity of a policy).

Flat Rock's complaint expressly seeks a determination Cincinnati has a duty to defendant Flat Rock in the Eastman Lawsuit and notes also Cincinnati previously denied coverage. **See** Filing No. 1 - Ex. A Complaint p. 2. The record contains the complaint from the underlying Eastman Lawsuit, which seeks damages in excess of $165,000 for past medical expenses, as well as additional damages. **See** Filing No. 14 - Ex. 1 Eastman Complaint p. 4-5. Based on the allegations in Flat Rock's complaint and the Eastman Lawsuit complaint, Cincinnati has established by a preponderance of the evidence the value of Flat Rock's claim as pleaded, including the value of the underlying tort action and the cost of defense, exceeds the sum of $75,000. The assertions in the initial pleadings and attached evidence permit the court to find it is more likely than not the amount in controversy exceeds $75,000. The amount at issue in the Eastman Lawsuit may reasonably exceed the jurisdictional threshold. Additionally, the cost of the defense may be significant. Consequently, based on federal diversity statutes and the attending case law, jurisdiction appears proper in the United States District Court. Therefore,

**IT IS RECOMMENDED TO JUDGE ROBERT F. ROSSITER, JR. that:**

Flat Rock Riders Chapter of NOHVA's Motion for Remand to State District Court for Lack of Subject Matter Jurisdiction (Filing No. 12) be denied.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. Failure to file a brief in support of any objection, at the time of filing such objection, may be deemed an abandonment of the objection.

Dated this 22nd day of September, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge