IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FLAT ROCK RIDERS CHAPTER OF NOHVA, | |
| Plaintiff, | **8:16CV286** |
| vs. | **ORDER** |
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, | |
| Defendant. | |

This matter is before the Court on the Findings and Recommendation (Filing No. 19) of the magistrate judge[1] recommending that Plaintiff Flat Rock Riders Chapter of NOHVA's ("Flat Rock") Motion to Remand (Filing No. 12) be denied. Flat Rock originally filed suit in the District Court for Lincoln County, Nebraska, seeking a declaratory judgment pursuant to Neb. Rev. Stat. § 25-21,149 that Defendant The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati") was liable under Commercial General Liability insurance policy number CSU0047904 and had a duty to defend Flat Rock against a state-court personal-injury action by Jeffrey Eastman arising from a motorcycle accident that occurred on January 19, 2014.

Cincinnati removed Flat Rock's declaratory-judgment action to this Court pursuant to 28 U.S.C. § 1441 (Filing No. 1), alleging diversity jurisdiction under 28 U.S.C. § 1332(a), which provides federal jurisdiction in civil cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Asserting removal was erroneous, improper,

---

[1]The Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska. "Although the Eighth Circuit has not ruled on the question, every circuit court to have decided the issue has concluded that a motion to remand should be treated as a dispositive matter in which only the Article III judge may enter an order." *Cmty. Dev., Inc. v. Sarpy County, Nebraska*, No. 8:16-CV-135, 2016 WL 3747545, at *1 (D. Neb. July 11, 2016) (citing *Davidson v. GeorgiaPac., L.L.C.*, 819 F.3d 758, 763-65 (5th Cir. 2016)).

and procedurally defective, Flat Rock requests an order remanding this case to state court. *See* 28 U.S.C. § 1447(c). Flat Rock appears to concede the parties are completely diverse but maintains this Court does not have subject-matter jurisdiction because Cincinnati has not shown the amount in controversy exceeds the requisite $75,000.

"The amount-in-controversy requirement . . . is designed 'to ensure that a dispute is sufficiently important to warrant federal-court attention.'" *CMH Homes, Inc. v. Goodner*, 729 F.3d 832, 837 (8th Cir. 2013) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 562 (2005)). "In a case . . . based on diversity jurisdiction," the Court lacks "jurisdiction whenever 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quoting *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002)).

In evaluating Flat Rock's Motion to Remand, the magistrate judge thoroughly analyzed Flat Rock's motion, Cincinnati's response, the pleadings in both cases, and the relevant case law before concluding "Cincinnati has established by a preponderance of the evidence the value of Flat Rock's claim as pleaded, including the value of the underlying tort action and the cost of defense, exceeds the sum of $75,000." *See*, *e.g.*, *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (burden of proof). Having determined this Court has subject-matter jurisdiction over this case, the magistrate judge recommends the Court deny Flat Rock's Motion to Remand.

Flat Rock has not objected to the magistrate judge's Findings and Recommendation as permitted by 28 U.S.C. § 636(b)(1). Even so, this Court has independently examined Flat Rock's challenge to the Court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1097 (8th Cir. 2004) ("[T]he issue of subject matter jurisdiction is not subject to waiver by the actions of the parties."). After careful review of the record, the Court agrees with the magistrate judge that Cincinnati has sufficiently

established this Court has diversity jurisdiction under § 1332(a)(1). Based on the foregoing,

      IT IS ORDERED:

1. The magistrate judge's Findings and Recommendation (Filing No. 19) are ACCEPTED.
2. Flat Rock's Motion to Remand (Filing No. 12) is DENIED.

Dated this 21st day of October, 2016.

                BY THE COURT:

                s/ *Robert F. Rossiter, Jr.*
                United States District Judge